# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-00016-CR-RK |
| | ) | |
| LUIS ALFREDO VILLEGAS-ROSA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING IN PART AND MODIFYING IN PART
## MAGISTRATE'S REPORT AND RECOMMENDATION

Before the Court are three motions to dismiss filed on January 22, 2019, by Defendant Luis Alfredo Villegas-Rosa:

(1) the Renewed Motion to Dismiss Count Sixteen or Seventeen of the Superseding Indictment for Violation of the Double Jeopardy Clause and/or on Multiplicity Grounds (Doc. 226) (the "first motion"),

(2) the Motion to Dismiss Portion of Count Sixteen and Seventeen that Alleges Count One (RICO Conspiracy) is a Predicate Crime of Violence for Purposes of 18 U.S.C. § 924(c) and 924(j) (Doc. 227) (the "second motion"), and

(3) the Motion to Dismiss Counts Fifteen, Sixteen, Seventeen, Thirty-Four and Portion of Count One (Murder-Related Overt Acts) of Superseding Indictment on Double Jeopardy Grounds (Doc. 228) (the "third motion").

On March 11, 2019, United States Magistrate Judge John T. Maughmer issued the Report and Recommendation ("R&R") on these motions. (Doc. 244.) Defendant filed objections to the R&R as to its ruling on the first and third motion to dismiss (Docs. 250, 251); the Government filed a response to Defendant's objections (Doc. 252) as well as a supplemental opposition (Doc. 270); and Defendant filed additional responses (Docs. 271, 272). No objections were filed to the R&R regarding the second (Doc. 227) motion to dismiss.

## A. The Second Motion (Doc. 227)

The Court first addresses the R&R with respect to its ruling on the second motion to dismiss (Doc. 227), to which no objections were filed. There, Defendant challenges the superseding indictment for its use of Count One (RICO conspiracy) as a predicate crime of violence under

18 U.S.C. §§ 924(c) and 924(j) as charged in Counts Sixteen and Seventeen. Judge Maughmer recommended that the Court defer its ruling on the second motion to dismiss pending the Supreme Court's decision in *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018), *cert. granted*, 2019 U.S. LEXIS 5, 2019 WL 98544 (Jan. 4, 2019). However, *Davis* was issued June 24, 2019, making the second motion to dismiss ripe for disposition.

> According to § 924(c)(3), a crime of violence is "an offense that is a felony" and
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Subsection (A) of this provision is known as the "elements" clause; subsection (B) is known as the "residual" clause. *United States v. Davis*, No. 18-431, 2019 U.S. LEXIS 4210, at *8 (June 24, 2019). The Supreme Court in *Davis* struck down the residual clause as unconstitutionally vague. *Id.* at *37. Defendant argues, and the Government does not contend otherwise, that RICO conspiracy does not satisfy the requirements under the "elements" clause. (Docs. 227 at 3-5; 235 at 4.) Since *Davis* was decided, the Government has indicated in a supplemental opposition that it will no longer contend that RICO conspiracy is a predicate "crime of violence" for Counts Sixteen and Seventeen. (Doc. 270 at 2.) In light of the events since Judge Maughmer issued his R&R, namely, the *Davis* decision and the Government's concession, the Court modifies the R&R and will grant Defendant's second motion.

**B.      The First and Third Motions (Docs. 226 and 228)**

Regarding the objected-to portions of the R&R, "[a] district judge must consider de novo any objection to a magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3). After an independent, de novo review of the record, including the applicable law, and the record (Docs. 226, 228, 235, 244, 250, 251, 270, 271, 272), the Court adopts the R&R as to Defendant's first and third motions.

Specific to Defendant's first motion to dismiss (Doc. 226), the Court agrees with the recommendation to deny Defendant's motion and also notes that Defendant's concerns regarding Double Jeopardy and multiplicity can be addressed by appropriate jury instructions. *See United States v. Huether*, 673 F.3d 789, 798 (8th Cir. 2012) ("While the government is not prohibited from charging Huether with both a greater and lesser offense, the jury must be instructed that they

cannot convict him for both offenses based on the same facts."); *United States v. Roy*, 408 F.3d 484, 491 (8th Cir. 2005) ("[M]ultiplicitous indictments may be saved at the trial stage if the district court submits an appropriate instruction to the jury.").

Specific to Defendant's third motion to dismiss (Doc. 228), the Supreme Court recently rendered a decision on June 17, 2019, in *Gamble v. United States*, 2019 U.S. LEXIS 4173, 2019 WL 2493923 (2019). The *Gamble* Court declined to overturn the dual-sovereignty doctrine, which in turn controls Defendant's arguments for abrogating this doctrine. Based on *Gamble* and the reasons stated by the Government (Doc. 235 at Section II.B), the Court agrees with the recommendation to deny Defendant's third motion to dismiss.

Accordingly, it is **ORDERED** that:

(1) Defendant's first and third motions to dismiss (Doc. 226, 228) are **DENIED**.

(2) Defendant's second motion to dismiss (Doc. 227) is **GRANTED**. The portion of Counts Sixteen and Seventeen that alleges Count One (RICO conspiracy) is a predicate crime of violence under 18 U.S.C. §§ 924(c) and 924(j) is **DISMISSED**. (Doc. 205 at ¶¶ 37, 38.) Counts Sixteen and Seventeen remain to the extent they allege Count Fifteen (murder in aid of racketeering) is a predicate crime of violence.

(4) Consistent with this Order, Magistrate Judge John T. Maughmer's Report and Recommendation (Doc. 244) shall be attached to and made a part of this Order as modified here.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 24, 2019